IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 13, 2021 Session

## TIMOTHY LEE MALONE v. ANTHONY VIELE, ET AL.

**Appeal from the Circuit Court for Carter County**
**No. C14402     Jean A. Stanley, Judge**

_____

### No. E2021-00637-COA-R3-CV
_____

This is a negligence case arising out of an injury suffered by the plaintiff when he fell off a ladder at the defendant's cabin which was then under construction.  The trial court granted the defendant's motion for summary judgment, holding that there was no genuine issue as to any material fact and that the plaintiff's evidence was insufficient to establish his claim.  The plaintiff appeals.  We conclude that there is no dispute of material fact and that summary judgment in favor of the defendant was properly granted. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Donald Capparella and Kimberly Macdonald, Nashville, Tennessee, and Troy B. Jones, Knoxville, Tennessee, for the appellant, Timothy Lee Malone.

James E. Rasnic, Bristol, Virginia, for the appellees, Anthony Viele and Pamela J. Harper.

## OPINION

### I.     BACKGROUND

The facts underlying this action are essentially undisputed.  Appellant Timothy Malone ("Plaintiff") and Appellee Anthony Viele were friends who each have experience working in construction and remodeling.  Plaintiff agreed to help Mr. Viele nail two-by-four boards diagonally across the window and door openings of Mr. Viele's cabin which was then under construction in Butler, Tennessee.  They did the work on a sunny, clear

day in October 2017.  To nail a board across the high windows, the men each had to climb 20-foot extension ladders.  One would hold the board while the other nailed the opposite end of it into a corner of the window opening.  Sometimes, Plaintiff would nail the higher corner of the board and sometimes, Mr. Viele would.  An accident occurred when Plaintiff attempted to nail a board to the top corner of a window opening.  Both men were on ladders to reach this particular window.  Plaintiff had positioned his own customary ladder where he thought it should be placed and on reasonably flat ground, as had Mr. Viele.  Plaintiff used his own hammer during the task.  Mr. Viele was holding in position one end of the two-by-four at the bottom corner while Plaintiff nailed the top corner.  Plaintiff hit the board with his hammer, but it bounced back and knocked him off the ladder, resulting in serious injuries.

On September 17, 2018, Plaintiff sued Mr. Viele for negligence.[1]  Mr. Viele denied liability and asserted the doctrine of comparative negligence as an affirmative defense.  The case proceeded through discovery.  Plaintiff testified as follows throughout his deposition:

Q.  What was [Mr. Viele] doing?
A.  He was down lower holding the lower end of the two-by-four at a diagonal across the window.  I was on the upper side of it.
Q.  Was he also on a ladder?
A.  Yes.

. . .

Q.  Can you tell me how this happened?
A.  How the accident happened?
Q.  Yes.
A.  Sure.  I was on the upper end of the two-by-four that was across the window or door.  I don't remember which.  Mr. Viele was to my right side as I was facing the wall.  I had some nails and a two-by-four.  I'd knocked the two-by-four into the wall.  It was holding.  I hit it again, and it bounced back, hit me in the head, knocked me off balance.
Q.  So you hit it with the hammer?
A.  Yes.  Mr. Viele was to my right.  I knew I was going to fall.  I tried to push the ladder to my left away from him and turn in the air and land facing away from the house on my feet.
Q.  Okay.  So you said you had hit it with one nail in the two-by-four?
A.  There were several nails in the two-by-four.

---

[1] Mr. Viele and his wife, Pamela J. Harper, were originally named as defendants.  The claims against Pamela J. Harper were dismissed and this has not been appealed.

Q. Okay.  So you already had several nails in your end of the two-by-four?
A. Yes.
Q. And it was attached?
A. It was holding to the wall.
Q. And then you hit it again with the hammer?
A. Yes.
Q. And what happened after you hit it with the hammer?
A. It bounced back.  It came loose and hit me in the head.
Q. The two-by-four did?
A. That's correct.
Q. Where did it—what part of your head did it hit?
A. I don't know.  It knocked me off balance.

. . .

Q. About how far away from you was Mr. Viele just before this happened?
A. Oh, he was perhaps 5 or 6 feet away and 10 feet down.

. . .

Q. And what was Mr. Viele doing while you were attempting to attach your end of the two-by-four to the wall?
A. He was holding the lower end.
Q. What did Mr. Viele do that caused the two-by-four to come out?
A. I don't know.
Q. Do you know if he did anything?
A. I don't know that he did anything.

. . .

Q. Do you know of anything that Mr. Viele did or didn't do that caused your fall?
A. I don't know.

Mr. Viele's deposition testimony affirmed that he was "just holding the board" while Plaintiff hammered.

Mr. Viele moved for summary judgment and filed an affidavit as well as a statement of the material facts as to which he contended there was no genuine issue for trial.  Plaintiff responded to the statement of material facts and also filed an affidavit.  In

the affidavit, which was submitted a year after Plaintiff's deposition testimony and over three years after the accident, he stated as follows:

> I testified in my deposition that the board bounced back, knocking me off balance and causing me to fall off the ladder. However, Mr. Viele's failure to stabilize his end of the board is what caused the board to 'bounce back,' fall, and hit me, knocking me off the ladder on October 7, 2017. I testified at my deposition that I did not know that Mr. Viele did anything to cause the two-by-four to come out of the wall, which I maintain today is true. Instead, it is the absence of his action—namely his failure to stabilize the board—that caused my fall.

In response to Mr. Viele's motion, Plaintiff argued that his affidavit demonstrated that genuine issues of material fact precluded summary judgment.

The trial court heard the motion for summary judgment on April 16, 2021. By then, Plaintiff's claim was distilled to one for personal injury negligence. Mr. Viele conceded at the summary judgment hearing that he assumed the duty of care to hold his end of a two-by-four board during the task at hand. Following the arguments of counsel, the trial court announced its ruling from the bench. The prevailing party, Mr. Viele, prepared the trial court's order. Plaintiff submitted a competing order. The trial court reviewed and entered the order prepared by Mr. Viele. By order entered May 27, 2021, the trial court granted summary judgment in Mr. Viele's favor. The trial court determined that no genuine issues of material fact were in dispute. The trial court found that there was no evidence or factual allegation that Mr. Viele ceased holding the board or that he allowed the board to move, slide, turn loose, fall, or drop. Citing Plaintiff's deposition testimony, the trial court determined:

> To prevail, [Plaintiff] has the burden to prove that Mr. Viele breached a duty that Mr. Viele either had or had assumed. [Plaintiff] is unable to do so and admits that he does not know what Mr. Viele did or failed to do that caused the accident. Therefore, Mr. Viele [has] demonstrated that [Plaintiff's] evidence is insufficient to establish this essential element of his claim.

Further, the trial court reasoned that Plaintiff's assertion in his affidavit and arguments that Mr. Viele assumed a legal duty to "stabilize" the board, failed to do so, and caused it to reverberate and knock Plaintiff off the ladder when he began hammering the board was "a legal conclusion with no basis in fact or evidence to support it."

Plaintiff appealed.

## II.    ISSUES

We consolidate and restate the issues on appeal as follows:

A.    Whether the trial court's entry of summary judgment in favor of Mr. Viele was proper.

B.    Whether the trial court's entry of a party-prepared order was in violation of Tennessee Rule of Civil Procedure 56.04 and *Smith v. UHS of Lakeside, Inc*., 439 S.W.3d 303 (Tenn. 2014).


## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id*. at 265 (quoting Tenn. R. Civ. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250. Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id*. In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty*., 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV. DISCUSSION

### A.

A personal injury claim is one of negligence, requiring the plaintiff to prove five essential elements:

> 1) a duty of care owed by the defendant to the plaintiff; 2) conduct falling below the applicable standard of care amounting to a breach of that duty; 3) an injury or loss; 4) causation in fact; and 5) proximate, or legal, cause. [] Once duty and breach of duty have been established, and an injury presented, the plaintiff must establish causation.

*King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (quoting *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). As to the breach of duty element, our Supreme Court has held:

> Assuming a duty is owed, it must be determined whether [the] defendant has exercised reasonable care under the circumstances. If [the] defendant has not, the duty has been breached. In this regard, we have observed that "[t]he term reasonable care must be given meaning in relation to the circumstances. Ordinary, or reasonable, care is to be estimated by the risk entailed through probable dangers attending the particular situation and is to be commensurate with the risk of injury."

*McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 895 (Tenn. 1996) (citations omitted); *see also West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005).

In negligence actions, "questions regarding breach of duty, causation in fact, and legal causation are ordinarily . . . for the jury." *Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003); *see also Eden W. ex rel. Evans v. Tarr*, 517 S.W.3d 691, 695 (Tenn. Ct. App. 2015). "However, even these questions may be decided at the summary judgment stage if the evidence is uncontroverted and if the facts and the inferences drawn reasonably from the facts permit reasonable persons to draw only one conclusion." *Rains*, 124 S.W.3d at 588. "Tennessee courts have 'always been empowered to decide legal questions upon agreed facts.'" *Rye*, 477 S.W.3d at 262 (quoting Judy M. Cornett, *Trick or Treat? Summary Judgment in Tennessee After Hannan v. Alltel Publishing Co.*, 77 Tenn. L. Rev. 305, 311–12). "Tennessee Rule 56 'simply embodies the common law's recognition that if there is no factual dispute, there is no need for trial.'" *Id.*

Mr. Viele conceded that he assumed a duty to hold his end of the board at the bottom corner. However, Mr. Viele maintains that no breach of duty on his part caused Plaintiff's injuries. So, we must address the question of whether Plaintiff has presented sufficient evidence to advance his claim past the summary judgment stage on the element of breach of duty. To do so, Plaintiff as the nonmoving party "must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye*, 477 S.W.3d at 265.

In his affidavit, Plaintiff posited that Mr. Viele's "failure to stabilize the board . . . caused [his] fall." On appeal, relying on *Hoynacki v. Hoynacki*, No. E2015-02084-COA-R3-CV, 2016 WL 6427857 (Tenn. Ct. App. Oct. 31, 2016), Plaintiff presses that "Mr. Viele's legal duty was to hold the board and keep it steady during [the] task." *Hoynacki* is distinguishable from the case before us. In *Hoynacki*, the plaintiff used a ladder to help the defendant wax his recreational vehicle. *Id*. at *1. The ladder fell with the plaintiff on it, causing him injury. *Id*. It was undisputed that "[w]hen the RV's height required the use of a ladder, [the] plaintiff got on it to wax the top parts, and [the] defendant stayed on the ground to help stabilize and secure the ladder." *Id*. For purposes of summary judgment, it was taken as true that, right before the accident, the defendant placed the ladder on sloping ground such that the ladder's left side was lower than its right side. *Id*. The defendant then ceased holding the ladder and walked away to the other side of the RV. *Id*. Based on the parties' testimony, we held that the "defendant assumed a duty to stabilize and secure the ladder *while [the] plaintiff was working on it*." *Id*. at *6 (emphasis added). In vacating the trial court's grant of summary judgment under the circumstances of that case, we concluded that whether the *Hoynacki* defendant breached that duty was a determination for the trier of fact. *Id*.

Here, Mr. Viele's duty to hold the board is unchallenged. However, Plaintiff cites no evidence in the record indicating that it was Mr. Viele's end of the board that moved or became unsteady. Unlike in *Hoynacki*, there is no factual assertion that Mr. Viele walked away or otherwise ceased to hold the board. Plaintiff cannot set forth any specific fact as to what Mr. Viele was doing when the board bounced back after Plaintiff hit it with a hammer. This is because Plaintiff was not looking at Mr. Viele who, by Plaintiff's own testimony, was "5 to 6 feet away and 10 feet down" from where Plaintiff was working. Plaintiff testified that the top end of the board was "holding to the wall" once he nailed it in. He hit it again with the hammer and it bounced back and knocked him off the ladder. In other words, the undisputed facts establish that the accident occurred not when Mr. Viele's end of the board moved but when Plaintiff's end of the board bounced back and hit his head.

"The nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Rye*, 477 S.W.3d at 265 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Because of the absence of evidence that Mr. Viele did anything besides hold the board coupled with Plaintiff's unequivocal testimony that he does not know what Mr. Viele did or did not do to cause his fall, Plaintiff is unable to prove that Mr. Viele breached his duty of care. By submitting evidence that he held the lower end of the board in place while Plaintiff hammered his end of the board, Mr. Viele affirmatively negated an essential element of Plaintiff's claim and demonstrated that Plaintiff's evidence at the summary judgment stage was insufficient to prove his claim of negligence. *See Rye*, 477 S.W.3d at 264. In response, Plaintiff failed to demonstrate, by affidavits or otherwise, that there was a genuine issue of material fact to necessitate a trial. *See id*. at 265. Therefore, summary judgment was properly entered and we affirm the trial court's decision granting Mr. Viele's motion for summary judgment.

B.

Plaintiff contends that the final order does not reflect the trial court's independent judgment because the court entered "the order drafted by defense counsel, even though it differed from the trial court's findings and conclusions as stated in the transcript [of] the hearing."

Tennessee Rule of Civil Procedure 56.04 provides that "[t]he trial court shall state the legal grounds upon which the court denies or grants the motion [for summary judgment], which shall be included in the order reflecting the court's ruling." In *Smith v. UHS of Lakeside, Inc*., 439 S.W.3d 303 (Tenn. 2014), our Supreme Court explained the application of this rule in the context of party-prepared orders on summary judgment:

> At the outset, we do not find that Tenn. R. Civ. P. 56.04 is in any way inconsistent with the custom of permitting trial courts to request and consider proposed orders prepared by the prevailing party. However, as we emphasized in the context of the findings of fact and conclusions of law required by Tenn. R. Civ. P. 52.01, Tenn. R. Civ. P. 56.04 must be interpreted in a way that assures that a trial court's decision whether to grant or deny a motion for summary judgment is its own. *Delevan-Delta Corp. v. Roberts*, 611 S.W.2d at 53.

*Smith*, 439 S.W.3d at 316 (footnote omitted). The Supreme Court concluded "that Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." *Id*. (footnote omitted). As to party-prepared orders

generally, these are permitted if "two conditions are satisfied. First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id*. at 315–16.

Our review of the summary judgment hearing transcript indicates that the trial court clearly stated the legal grounds upon which Mr. Viele's summary judgment motion was granted. Tenn. R. Civ. P. 56.04. In its ruling from the bench, the trial court specifically referenced Plaintiff's deposition testimony that he did not know what caused the two-by-four board to "come out" and what action or inaction by Mr. Viele caused his fall. The order drafted by Mr. Viele's counsel both incorporated the trial court's findings made in its oral ruling and properly drew from Plaintiff's admissions set forth in his response to the statement of material facts. *See* Tenn. R. Civ. P. 56.04 ("[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact[.]"). The trial court then reviewed the order and corrected a minor error within it. Reading the transcript and the final order together, we discern that the order's findings and conclusions accurately reflect the trial court's decision. *Smith*, 439 S.W.3d at 316. Further, the record does not create doubt that the decision represents the trial court's own deliberations and decision. *Id*. As such, we find and hold that the trial court complied with Tennessee Rule of Civil Procedure 56.04 and with *Smith v. UHS of Lakeside, Inc*.

## V.    CONCLUSION

We affirm the trial court's judgment. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Timothy Lee Malone.

_____
JOHN W. McCLARTY, JUDGE